IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALBERT L. BLUMBERG<br>1302 Parkview Drive<br>Haverford PA 19041<br><br>and<br><br>BETH P. BLUMBERG<br>1302 Parkview Drive<br>Haverford PA 19041<br><br>*Plaintiffs*,<br><br>v.<br><br>CRYSTAL RONEY<br>500 University Parkway<br>Unit 1H<br>Baltimore MD 21210<br><br>and<br><br>HOME MORTGAGE ALLIANCE<br>CORPORATION<br>4 Hutton Centre Drive<br>Suite 500<br>Santa Ana CA 92707<br><br>*Serve On:*<br>*CSC-Lawyers Incorporating Service Co.*<br>*7 St. Paul Street*<br>*Suite 820*<br>*Baltimore MD 21202* | Civil Action<br>No._____ |

**COMPLAINT FOR MONETARY RELIEF**

## PARTIES AND JURISDICTION

1. Plaintiffs Albert L. Blumberg, M.D., and Beth P. Blumberg are natural persons and are a married couple who are citizens and residents of the State of Pennsylvania.

2. Defendant Crystal Roney is a natural person who is a citizen and resident of the State of Maryland and the City of Baltimore.

3. Defendant Home Mortgage Alliance Corporation (hereinafter "HMAC" is a California corporation with its principal place of business in the State of California. However, that corporation is believed to originate mortgage loans throughout much of the United States and maintains a resident agent as a foreign corporation registered to do business in the State of Maryland.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because the events related to this Complaint occurred in the State of Maryland and the Defendant Crystal Roney is a resident of the State of Maryland.

## STATEMENT OF OPERATIVE FACTS

6. On April 8, 2022, Defendant Crystal Roney submitted an offer via a

standard Maryland Association of Realtors contract to buy residential real property owned by the Plaintiffs at 8 Jenny Lane, Pikesville, Maryland, for a price of $770,000.00 (Seven Hundred and Seventy Thousand Dollars). On or about April 12, 2022, the Plaintiffs accepted that offer by executing the proposed contract. (the "Contract", Attached hereto as Exhibit A).

7. At the time of signing of the Contract, the Defendant Crystal Roney had presented to the Plaintiffs a Prequalification Letter stating that she had already been prequalified for the loan. The letter also implied in its language that Defendant HMAC had already conducted a credit check and other verification procedures and would recheck those items prior to issuing the loan for the property. The letter language constituted a representation to the Plaintiffs that Defendant HMAC's review of Defendant Roney's credit and financial condition confirmed that the state of Defendant Roney's credit and financing was sound, and that Defendant Roney was likely to qualify for a mortgage loan.

8. The condition of Defendant Roney's credit was material and vital to the Plaintiffs because under the Contract, Defendant Roney's going to closing and purchasing the Property was contingent on her being able to secure a mortgage loan upon the terms stated in the financing contingency documents. The Contract's financing contingency required that the Defendant Crystal Roney make application for financing within five days of execution of the Contract and that she receive financing within 15 days of execution of the Contract.

9. Upon information and belief, the Defendant Crystal Roney did not make application for financing within five days of the execution of the Contract as required.

10. Further, during the process leading up to closing and settlement on the Property, the Plaintiffs, through their real estate broker Barry Nabozny, were in frequent communication with the lender HMAC, through its authorized agent and representative Nubia Rocha (the "HMAC Agent").

11. The HMAC agent Nubia Rocha repeatedly assured the Plaintiffs that although there were some issues with the financing, those issues would be resolved, and the loan would be made. At no time prior to the scheduled settlement deadline of May 17, 2022, did the HMAC agent or the Defendant Crystal Roney inform the Plaintiffs that a loan could not be obtained or that the Defendant Crystal Roney would be unable to go to closing.

12. On April 26, 2022, the Plaintiffs agreed to make repairs to the property based upon representations that the Defendant would be prepared to go to closing. Upon information and belief, it was known to Nubia Rocha as HMAC's agent that there were serious problems with the Defendant Crystal Roney's prospects of financing at that time.

13. On May 12, 2022, Nubia Rocha, on behalf of Defendant HMAC, requested closing disclosures from the title company, and then on May 14, 2022, sent out those closing disclosures to the prospective borrower Crystal Roney. At that point in time, Nubia Rocha and Defendant HMAC knew or should have known that Crystal Roney was not

approved for financing and would not be approved for financing.

14. In further substantiation of the fraudulent intention of the Defendants, Nubia Rocha further made false representations to the Plaintiffs through their agent Barry Nabozny by sending an email on May 17, 2022, stating "[w]e are not yet clear to close this morning. Not because of any issues other than that the file is in line with UW to clear. I will keep you posted this morning." To the contrary, there was another issue with financing, quite likely fatal to any prospect of Defendant Crystal Roney receiving a loan, and the Defendants knew or should have known it.

15. The Contract had a firm settlement date and contained a provision that time was of the essence.

16. Further, at no time prior to the settlement date did Crystal Roney invoke the financing contingency in order to terminate the Contract and the financing contingency, by its terms, was waived.

17. Instead, Defendant Crystal Roney simply failed to go to closing and did not purchase the Property.

18. After the failure of the Defendant Crystal Roney to proceed to closing, the Plaintiffs sent a Termination Notice so that they could proceed to re-list the Property.

19. It was only after the failure to close and settle upon the property that the Defendant Crystal Roney attempted to invoke the financing contingency by presenting, on June 10, 2022, a copy of a denial of the loan from HMAC ("Denial of Credit Notice.").

20. That Denial of Credit Notice showed that, contrary to representations in HMAC's Prequalification Letter, a credit report had not even been requested until May 3, 2022, and stated that due to serious other delinquencies, no loan could be made.

21. Further, the Denial of Credit Notice stated that the mortgage loan which Defendant Roney requested was a loan in excess of the amount set by the Contract. Therefore, the Defendant Crystal Roney never attempted to comply with the terms of the Contract as to loan amount and her purported mortgage loan application was contrary to and constituted a breach of the Contract.

22. After the belated and ineffective attempt by Crystal Roney to invoke the financing contingency, the Plaintiffs' real estate broker Barry Nabozny spoke with the HMAC Agent Nubia Rocha again. It was at that time that he learned from HMAC's Agent Nubia Rocha that the Defendant Crystal Roney had undergone a foreclosure in the State of Florida and that the matter was still on her credit record as a debt, and that she therefore could not obtain the loan. It was also learned that the HMAC Agent had known about this problem throughout the earlier conversations with Mr. Nabozny and had not been forthcoming with him about what the problem was in obtaining the loan. In short, she had lied to Mr. Nabozny in the hopes of resolving the credit issue prior to closing.

23. In the interim, the market had declined and the Property ended up being sold at a listing price of $690,000.00 (Six Hundred and Ninety Thousand Dollars). The Plaintiffs accepted a lower offer because of the declining market conditions and because

they had a duty to mitigate their damages. If they had waited, the market may have continued to decline, in which case their damages would have been higher.

24. Therefore the Plaintiffs sustained damages in excess of $75,000.00 (Seventy Five Thousand Dollars) upon the breach of the Contract by the Defendant.

25. Further, the Plaintiffs never would have entered into the Contract with Defendant Crystal Roney but for the Prequalification Letter issued by Defendant HMAC, and would have terminated the Contract immediately and relisted the Property sooner had HMAC's agent been honest with the Plaintiffs about the problems with obtaining financing.

26. The standard Maryland Association of Realtors Contract further provides for Attorneys' Fees and Costs to be awarded to the prevailing party in the event that litigation occurs and one party substantially prevails.

COUNT I
Breach of Contract
Defendant Crystal Roney only

27. The Plaintiffs hereby incorporate paragraphs 1 through 25 above, as though set forth fully in this Count.

28. Plaintiffs and Defendant Crystal Roney executed a valid and binding Contract for the purchase and sale of the Property.

29. Defendant Crystal Roney breached the Contract with the Plaintiffs by failing to go to closing and settlement within the time demanded by the Contract, and without lawful cause for failing to go to settlement, as she did not comply with the

conditions of the financing contingency and the financing contingency was waived and inapplicable.

30. Due to the Breach of Contract by the Defendant Crystal Roney, the Plaintiffs sustained damages in excess of $75,000.00 upon the breach of contract despite efforts by the Defendants to mitigate damages.

WHEREFORE, the Plaintiffs pray:

That Judgment be entered in favor of Plaintiffs and against the Defendant Crystal Roney in an amount in excess of $75,000.00 (Seventy-Five Thousand Dollars), plus Attorneys' Fees and Costs.

COUNT II
FRAUD IN THE INDUCEMENT
ALL DEFENDANTS

31. The Plaintiffs incorporate paragraphs 1 through 30, above, as though set forth fully within this Count.

32. The Defendant Crystal Roney either had actual knowledge or acted in reckless disregard of the truth when she stated that she was qualified to obtain a loan in the amount stated in the Contract.

33. Defendant Crystal Roney knew that the representations she made were false at the time she made them. She had actual knowledge or reckless disregard of the past foreclosure and her past debts, and failed to disclose that information to the Plaintiffs. This information was material and had the Plaintiffs known this, they never would have entered into a Contract with Defendant Roney.

34. The Defendant HMAC represented through its Prequalification Letter that it had done due diligence prior to issuing the Prequalification Letter, and that a credit check had been performed. In fact, this representation appears to have been false. Had it been true, the Prequalification Letter never should have issued, as the past debt issues would have been discovered. The Defendant HMAC acted with actual knowledge of the falsity of its statements or with reckless disregard for the truth.

35. But for the false statements of Defendants Crystal Roney and HMAC, the Plaintiffs would not have contracted with Roney for the sale of the Property and would have entered into a contract with a more qualified buyer.

36. The Plaintiffs reasonably relied upon the false statements of Defendants Crystal Roney and HMAC to their detriment.

37. The Plaintiffs sustained damages in an amount in excess of $75,000.00 (Seventy-Five Thousand Dollars) due to the Fraud in the Inducement of the Defendants.

WHEREFORE, the Plaintiffs pray that this Court enter judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, in an amount in excess of $75,000.00 (Seventy-Five Thousand Dollars) plus reasonable Attorneys' Fees and Costs, and for Punitive Damages within the discretion of this Court.

## COUNT III
## FRAUD IN PERFORMANCE OF CONTRACT
## ALL DEFENDANTS

38. The Plaintiffs incorporate paragraphs 1 through 37, above, as though set forth fully within this Count.

39. The Defendants consistently misled the Plaintiffs during the escrow period under the Contract by making ongoing representations that the financing for the sale would be forthcoming and that the problems they had encountered would not be an obstacle to obtaining financing.

40. But for the misleading statements of the HMAC Agent Nubia Rocha, the Plaintiffs would have terminated the Contract forthwith and relisted the Property. Instead, they waited throughout a declining market for the Defendant Crystal Roney to go to closing, which she was unable to do.

41. The Plaintiffs reasonably relied upon the false statements of the Defendants to their detriment.

42. The Defendants either knew or should have known that the Defendant Crystal Roney could not obtain financing, and acted with intentional falsehood or in reckless disregard of the truth in misleading the Plaintiffs.

43. The Plaintiffs, due to this deception, ultimately sold the Property for more than $75,000.00 (Seventy-Five Thousand Dollars) less than they could have otherwise received for the Property.

WHEREFORE, the Plaintiffs pray that this Court enter judgment in favor of Plaintiffs and against both Defendants, jointly and severally, in an amount greater than $75,000.00 (Seventy-Five Thousand Dollars) plus the reasonable Attorneys' Fees and Costs of this action, and for Punitive Damages within the discretion of this Court.

## COUNT IV
### (In the Alternative)

## NEGLIGENT MISREPRESENTATION
## ALL DEFENDANTS

44. The Plaintiffs incorporate paragraphs 1 through 43, above, as though set forth fully within this Count.

45. In the alternative to a finding of fraud, it is stated that at a minimum the Defendants negligently and consistently misled the Plaintiffs during the escrow period under the Contract to believe that the financing for the sale would be forthcoming and that the problems they had encountered would not be an obstacle to obtaining financing.

46. In the alternative, the Defendants negligently presented the Plaintiffs with a Prequalification Letter that should never have been presented, and which induced the Plaintiffs to their detriment, to enter into the Contract with the Defendant Crystal Roney, and that the Plaintiffs suffered damages in excess of $75,000.00 (Seventy-Five Thousand Dollars) due to their reasonable reliance upon such statements.

47. But for the negligent and misleading statements of Crystal Roney and the agent for HMAC, Nubia Rocha, the Plaintiffs would 1) never have entered into the Contract with Defendant Crystal Roney or 2) would have terminated the Contract immediately and relisted the Property. Instead, they waited throughout a declining market for the Defendant Crystal Roney to go to closing, which she was unable to do.

48. The Plaintiffs reasonably relied upon the false statements of the Defendants to their detriment.

49. The Defendants either knew or should have known that the Defendant Crystal Roney could not obtain financing, and acted with negligence in misleading the

Plaintiffs.

50. The Plaintiffs, due to these acts of negligence, ultimately sold the Property for more than $75,000.00 (Seventy-Five Thousand Dollars) less than they could have otherwise received for the Property.

WHEREFORE, the Plaintiffs pray that this Court enter judgment in favor of Plaintiffs and against both Defendants, jointly and severally, in an amount greater than $75,000.00 (Seventy-Five Thousand Dollars) plus the reasonable Attorneys' Fees and Costs of this action.

Respectfully Submitted,

___s/Nevin L. Young_____
Nevin L. Young
Fed. Bar ID. No. 28604
170 West Street
Annapolis MD 21401
(T) 410-353-9210
(F) 410-510-1208
nevinyounglaw@gmail.com