IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ALBERT L. BLUMBERG, *et al.* | * | |
| *Plaintiffs* | * | |
| v. | * | Civil Case No. |
| | * | 1:22-cv-02531-GLR |
| CRYSTAL RONEY, *et al.* | * | |
| *Defendants* | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**ANSWER TO COMPLAINT[1], DEMAND FOR JURY TRIAL
AND COUNTERCLAIM**

Defendant CRYSTAL RONEY, by her undersigned counsel, answers the Complaint filed by Plaintiffs as follows:

**GENERAL DENIAL**

1.      Defendant generally denies the allegations of the Complaint.

2.      Defendant generally denies the validity and effect of service in this matter.

**SPECIFIC ADMISSIONS AND DENIALS**

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1 of the Complaint.

4.      Defendant denies the allegations in Paragraph 2 of the Complaint, except that Defendant admits she is "a natural person."

5.      Defendant lacks knowledge or information sufficient to form a belief about the truth

---

[1] Defendant Roney filed a timely Motion to Dismiss or to Quash Insufficient Service on January 9, 2023 (ECF 16). By Order dated January 10, 2023 Defendant Roney's motion was denied (ECF 22). In accordance with Rule 12 (a) (4) (A) of the Federal Rules of Civil Procedure Defendant Roney files this Answer and Counterclaim within 14 days of January 10, 2023.

of the allegations of Paragraph 3 of the Complaint.

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4 of the Complaint.

7.      Defendant admits the allegations in Paragraph 5 of the Complaint, except that Defendant denies that she is a resident of the State of Maryland.

8.      Defendant admits the allegations in Paragraph 6 of the Complaint, except that Defendant denies that she "submitted an offer… for a price of $770,000.00" and further denies that there is a Contract attached to the Complaint.

9.      Regarding the allegations of Paragraph 7 of the Complaint, Defendant admits that her offer to purchase the real property described in the Complaint was accompanied by a lender's "prequalification" letter but denies the remaining portions of Paragraph 7, such as the effect, meaning and legal significance of the prequalification letter.

10.     Defendant denies the allegations in Paragraphs 8 and 9 of the Complaint.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 10 through 14 of the Complaint.

12.     Defendant denies the allegations in Paragraphs 15 through 17 of the Complaint.

13.     Regarding the allegations of Paragraph 18 of the Complaint, Defendant denies receiving a Termination Notice but is without knowledge or information sufficient to form a belief about the truth of the allegations in the remaining portions of Paragraph 18.

14.     Defendant denies the allegations in Paragraph 19 of the Complaint.

15.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

16.     Defendant denies the allegations in Paragraph 21 of the Complaint.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 22 and 23 of the Complaint.

18.     Defendant denies the allegations in Paragraph 24 of the Complaint.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 25 of the Complaint.

20.     Regarding the allegations in Paragraph 26 of the Complaint, Defendant states that the terms of any agreement between the parties speak for themselves.

21.     Regarding the allegations in Paragraph 27 of the Complaint Defendant restates her responses to Paragraphs 1 through 26 of the Complaint, which are incorporated into Paragraph 27.

22.     Defendant admits the allegations in Paragraphs 28.

23.     Defendant denies the allegations in Paragraphs 29 through 30 of the Complaint.

24.     Regarding the allegations in Paragraph 31 of the Complaint Defendant restates her responses to Paragraphs 1 through 30 of the Complaint, which are incorporated into Paragraph 31.

25.     Defendant denies the allegations in Paragraphs 32 through 37 of the Complaint.

26.     Regarding the allegations in Paragraph 38 of the Complaint Defendant restates her responses to Paragraphs 1 through 37 of the Complaint, which are incorporated into Paragraph 38.

27.     Defendant denies the allegations in Paragraphs 39 through 43 of the Complaint.

28.     Regarding the allegations in Paragraph 44, of the Complaint Defendant restates her responses to Paragraphs 1 through 43 of the Complaint, which are incorporated into Paragraph 44.

29.     Defendant denies the allegations in Paragraphs 45 through 50 of the Complaint.

## AFFIRMATIVE DEFENSES

30.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

31.     Plaintiffs' Complaint fails to state a claim upon which damages can be awarded.

32.     Plaintiffs' claims for fraud and punitive damages are without merit as a matter of law.

33.     Plaintiffs' claims are barred by accord and satisfaction.

34.     Defendant did not breach an agreement with Plaintiffs.

35.     Defendant breached no legal duty owed to Plaintiffs.

36.     Plaintiffs' claims are barred by estoppel.

37.     Plaintiffs' claims are barred by fraud.

38.     Plaintiffs' claims are barred by the doctrine of unclean hands.

39.     Plaintiffs' claims are barred by its own default and/or material breach.

40.     Plaintiffs cannot recover damages because their acts and conduct caused the damages claimed.

41.     Plaintiffs' claims are barred by laches.

42.     Plaintiffs' claims are barred by the fact they failed to mitigate their damages, if any.

43.     Plaintiffs' alleged damages, if any, are speculative and uncertain.

44.     Plaintiffs' claims are barred by payment.

45.     Plaintiffs' claims are barred by release.

46.     Plaintiffs' claims are barred by waiver.

47.     Plaintiffs' claims are barred by ratification.

48.     The damages allegedly incurred by Plaintiffs, which are denied, fail to meet the statutory threshold for subject matter jurisdiction in this forum.

49.     The Court lacks subject matter jurisdiction.

50.     Defendant did not commit the wrongs alleged.

51.     Plaintiffs have suffered no actual damages.

52.     Plaintiffs have suffered no legally compensable damages.

53.     Plaintiffs' claims are barred by operation of express terms of an existing written agreement between the parties.

54.     Plaintiffs' claims, if any, result from the independent, intervening acts and/or omissions of others to which Defendant has no knowledge, of which Defendant had no control or influence, and to which Defendant did not contribute or authorize.

55.     Plaintiffs are not entitled to attorney's fees, other costs and fees and expenses under the applicable federal and Maryland law.

WHEREFORE, Defendant CRYSTAL RONEY requests that this Honorable Court:

1.     Dismiss all claims asserted against her in this action;

2.     Enter judgment in her favor regarding all claims asserted against her in this action;

3.     Deny all of Plaintiffs' claims for damages, fees, and expenses; and

4.     Grant any such other further relief as the nature of this case requires.

## COUNTERCLAIM

56.     Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant CRYSTAL RONEY asserts a counterclaim against Plaintiffs ALBERT L. BLUMBERG and BETH P. BLUMBERG.

57.     On or about April 8, 2022, Defendant and Plaintiffs entered into a Contract of Sale for the property (the "Contract") described in the Complaint and known as 8 Jenny Lane, Pikesville, Maryland (the "Property"). The Contract is referenced as "Exhibit A" in the Complaint but was not included as an attachment to the Complaint.

58.     Subsequent to execution of the Contract, in accordance with the terms of the

Contract, Defendant deposited earnest money deposit totaling $20,000.00 (the "Deposit") with the parties' agreed upon escrow and title agent.

59.     The Defendant's obligation under the Contract to purchase the Property was contingent on Defendant obtaining "a written commitment for a loan secured by the Property. . . within fifteen (15) days from the Date of Contract acceptance."

60.     In compliance with the terms of the Contract, Defendant diligently pursued a written loan commitment from a mortgage lender.

61.     Shortly after applying for the mortgage loan, Defendant was denied an extension of credit for the purchase of the Property and in accordance with the Contract Defendant was entitled to, and did, give notice to Sellers of her intention to terminate on the basis of her inability to obtain financing.

62.     Because Defendant was unable to obtain financing in accord with the specific terms of the Contract, the contractual obligations thereunder were terminated for failure of a condition precedent.

63.     The Contract provides that if the Defendant was unable to obtain the financing expressly described in the Contract, she was entitled to declare the "Contract null and void and of no further legal effect."

64.     Despite the termination of the terms of the Contract, Plaintiffs have refused to consent to the return of the Deposit.

65.     The Plaintiffs refusal to consent to the release of the Deposit to the Defendant is without legal basis (and appears to be intended as retaliation for the Defendant's inability to move forward with the Contract). Among other things, the Plaintiffs' refusal to consent to the return of the Deposit constitutes a material breach of the terms of the Contract.

66.     Defendant's purchases obligations did not arise under the terms of the Contract because she was unable to meet the condition precedent *to wit*: obtaining a loan secured by the Property. Simply put Defendant complied with all of her obligations under the Contract but was unable to obtain financing to enable the transaction to move forward.

67.     Because Defendant was unable to obtain financing, she had no obligation to move forward with the purchase of the Property.

68.     Upon termination of the Contract, Plaintiffs were obligated to return the Deposit.

69.     Plaintiffs have breached the Contract by refusing to authorize the release of Defendant's Deposit.

70.     As a proximate result of the aforementioned wrongful conduct and breach committed by Plaintiffs, Defendant has suffered and will continue to suffer damages.

71.     Defendant has not breached the Contract in any way and is entitled to the immediate refund of her $20,000.00 Deposit, damages sustained as a result of Plaintiff's default under the Contract and an award of costs, including reasonable attorney's fees, associated with having to prosecute this counterclaim.

72.     The express terms of the Contract between the parties provides that Defendant is entitled to attorney's fees incurred in maintaining this action to recover the Deposit and Defendant reserves all rights to move to recover attorney's fees reasonably incurred in this matter, pursuant Rule 54 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant CRYSTAL RONEY requests judgment in her favor and against Plaintiffs ALBERT L. BLUMBERG and BETH P. BLUMBERG in the amount of $20,000.00, plus the costs of this action and attorney's fees.

**DEMAND FOR A JURY TRIAL**

Defendant/Counter- Plaintiff CRYSTAL RONEY, pursuant to Rule 38 of the

Federal Rules of Civil Procedure, hereby demands a jury trial in the above-captioned matter.


Respectfully submitted,


Date:          January 24, 2023                    /s/*Michael T. Wyatt*
                                                  Michael T. Wyatt
                                                  Federal Bar No. 08273
                                                  Wyatt & Gunning LLC
                                                  100 W. Pennsylvania Ave., Suite 10
                                                  Towson, Maryland 21204
                                                  410-296-5960 (t)
                                                  410-294-3443 (f)
                                                  mwyatt@wyattgunning.com
                                                  *Attorney for Defendant/Counter-Plaintiff*
                                                  *Crystal Roney*


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24rd day of January 2023, a copy of the

foregoing Answer was filed electronically and is available for viewing via the Court's Electronic

Case Filing system and/or in accordance with Fed R. Civ. P. 5, notice of this filing will be sent to

all counsel and parties of record via the Court's Electronic Case Filing system.


     /s/*Michael T. Wyatt*
     Michael T. Wyatt


8