IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| M.D. ALBERT L. BLUMBERG, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. GLR-22-2531 |
| CRYSTAL RONEY, et al., | * | |
| Defendants. | * | |
| | * | |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiffs Albert L. Blumberg and Beth P. Blumberg's Motion for Reconsideration (ECF No. 85); self-represented Defendant Crystal Roney's Motion to Reconsider Memorandum Opinion (ECF No. 86); Roney's Motion for Court Consideration of Plaintiffs' Reliance on Speculation, Financial Discrepancies, Material Misrepresentations, and Timeliness Issues ("Mar. 2, 2025 Mot.") (ECF No. 100); Roney's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 106); the Blumbergs' Request for Hearing upon Oral Argument (ECF No. 110); and Roney's Motion for Limited Jurisdictional Discovery (ECF No. 117).[1] No hearing is necessary. See Local

---

[1] Also pending before the Court are Roney's Motions to Seal Exhibits (ECF Nos. 87 & 90). The Court will grant the Motions to Seal because the exhibits contain sensitive financial and personal identification information. See Jones v. Blair Wellness Ctr, LLC, No. ADC-21-2606, 2023 WL 4352451, at *16 (D.Md. June 30, 2023) ("This Court has repeatedly found that . . . personal identification information may be sealed."); Tolliver v. Tandium Corp., No. ELH-21-1441, 2021 WL 5827886, at *2 (D.Md. Dec. 8, 2021) ("Exhibits that consist of personal financial information are properly the subject of sealing.").

Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Blumbergs' Request for Hearing upon Oral Argument (ECF No. 110)[2] and Roney's Motion for Limited Discovery (ECF No. 117) will be denied as moot. The Court will deny Roney's Motion to Dismiss (ECF No. 106), the Blumbergs' Motion for Reconsideration (ECF No. 85), and Roney's Motion for Reconsideration (ECF No. 86). The Court will strike from the record Roney's March 2, 2025 Motion (ECF No. 100).[3]

## I. BACKGROUND[4]

### A. Factual Background

The Court previously summarized the relevant facts in its September 5, 2023 Letter Order:

> This matter arises from the sale of Plaintiffs Albert L. Blumberg and Beth P. Blumberg's home at 8 Jenny Lane, Pikesville, Maryland ("the Property"). (See Compl. ¶ 6, ECF No. 1). On April 8, 2022, [self-represented] Defendant Crystal Roney submitted an offer to buy the Property for $770,000. (Id.). On April 12, 2022, the Blumbergs accepted her offer by

---

[2] This Opinion constitutes a ruling on the pending motions that are the subject of the Blumbergs' Request for Hearing (ECF No. 110).

[3] Roney's March 2, 2025 Motion largely consists of her defenses against the Blumbergs' fraud and negligent misrepresentation claims (Counts II, III, IV). (See Mar. 2, 2025 Mot. at 1–5, ECF No. 100). However, Roney already answered the Blumbergs' Complaint as to these claims, (Answer at 3–5, ECF No. 26), and neither the Blumbergs' nor Roney moved for summary judgment on these claims. As such, Roney will have the opportunity to present her defenses against Counts II, III, and IV at trial. Accordingly, the Court will strike Roney's March 2, 2025 Mot. (ECF No. 100) from the record as improper. Roney is forewarned that any future filings that do not comply with this Court's local rules or the Federal Rules of Civil Procedure will be stricken from the record without notice.

[4] Unless otherwise noted, the facts outlined here are set forth in the Blumbergs' Complaint (ECF No. 1). To the extent the Court discusses facts that the Blumbergs do not allege in their Complaint, they are uncontroverted, and the Court views them in the light most favorable to the non-moving party. The Court may address additional facts when discussing applicable law.

executing the proposed Contract. (Id.). Under the Contract, Roney's obligation to purchase the Property was contingent on her being able to secure a mortgage loan. (Id. ¶ 8). The Contract also required Roney to apply for financing within five days of the Contract's execution and that she receive financing within fifteen days of the Contract's execution. (Id.).

Roney had also submitted to the Blumbergs a Prequalification Letter from HMAC stating "that she had already prequalified for the loan" and implying that HMAC "had already conducted a credit check and other verification procedures." (Id. ¶ 7). The Blumbergs understood the Prequalification Letter to be a representation that HMAC had reviewed Roney's credit and confirmed that Roney was likely to qualify for a mortgage loan. (Id.). If HMAC had not made this representation, the Blumbergs would not have entered into the Contract. (Id. ¶ 25).

The Blumbergs allege that Roney did not apply for financing within five days as required. (Id. ¶ 9). Further, Roney could not obtain financing because she had undergone a foreclosure in Florida that was still on her credit record. (Id. ¶ 22). HMAC knew this as early as April 26, 2022, but nevertheless its agent, Nubia Rocha, reassured the Blumbergs and their real estate broker, Barry Nabozny, that "although there were some issues with the financing, those issues would be resolved, and the loan would be made." (Id. ¶ 11). As a result of these assurances, the Blumbergs agreed to make repairs to the Property before the scheduled closing on May 17, 2022. (Id. ¶ 12). Neither Roney nor HMAC informed the Blumbergs that Roney could not get a loan and could not go to closing prior to closing day. (Id. ¶ 11). The Blumbergs allege that HMAC "lied to [] Nabozny in the hopes of resolving the credit issue prior to closing" and that it did so with "fraudulent intention" (Id. ¶¶ 14, 22).

On May 12, 2022, Rocha requested closing disclosures from the Blumbergs' title company, and she sent those disclosures to Roney on May 14, 2022. (Id. ¶ 13). On closing day on May 17, 2022, Rocha emailed Nobozny [sic] to inform him that "[w]e are not yet clear to close this morning. Not because of any issues other than that the file is in line with UW to clear. I will keep you posted this morning." (Id. ¶ 14). This

3

was a false statement, and HMAC knew or should have known that Roney could not proceed to closing. (Id.).

Indeed, Roney did not go to closing and did not purchase the Property. (Id. ¶ 17). The Blumbergs sent her a Termination Notice so that they could re-list it. (Id. ¶ 18). On June 10, 2022, Roney attempted to invoke the Contract's financing contingency by presenting a Denial of Credit Notice from HMAC. (Id. ¶ 19). The Notice showed that, contrary to the representations in the Prequalification Letter, a credit report had not been requested until May 3, 2022, and it stated that the loan could not be made due to "serious other delinquencies." (Id. ¶ 20). Additionally, the Notice stated that Roney had requested a loan in excess of the amount set by the Contract. (Id. ¶ 21). Thus, Roney "never attempted to comply with the terms of the Contract as to the loan amount and her purported mortgage loan application was contrary to and constituted a breach of the Contract." (Id.).

The Blumbergs later sold the Property to a different buyer for $690,000 because the market had declined. (Id. ¶ 23). Had HMAC and Roney been honest about her finances, the Blumbergs would have terminated the Contract and relisted the Property sooner. (Id. ¶ 25).

(Sept. 5, 2023 Letter Order at 1–2, ECF No. 36).[5]

**B.    Procedural History**

On October 4, 2022, the Blumbergs filed a Complaint alleging: breach of contract against Roney (Count I); fraud in the inducement against Roney and HMAC (Count II); fraud in performance of contract against Roney and HMAC (Count III); and, in the alternative, negligent misrepresentation against Roney and HMAC (Count IV). (Compl. ¶¶ 27−50). The Blumbergs seek monetary damages. (Id. at 12). On January 9,

---

[5] Citations to the record refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

4

2023, Roney filed a Motion to Dismiss or Quash the Complaint for Insufficient Service. (ECF No. 18). The Court denied the Motion on January 10, 2023. (ECF No. 22). On January 24, 2023, Roney filed an Answer and Counterclaim against the Blumbergs for breach of contract. (ECF No. 26). The Blumbergs answered the Counterclaim on February 20, 2023. (ECF No. 33). On February 17, 2023, HMAC filed a Motion to Dismiss (ECF No. 31). The Blumbergs filed an Opposition on March 3, 2023, (ECF No. 34), and HMAC filed a Reply on March 10, 2023, (ECF No. 35).

On September 5, 2023, the Court issued a Letter Order granting in part and denying in part HMAC's Motion to Dismiss. (Sept. 5, 2023 Letter Order at 1). Specifically, the Court granted the Motion as to the claim for negligent misrepresentation and denied the Motion in all other respects. (Id. at 4–6). HMAC answered the surviving claims on September 18, 2023. (ECF No. 37).

After engaging in discovery, HMAC filed a Motion for Summary Judgment on April 30, 2024. (ECF No. 54). The Blumbergs filed their Opposition on May 28, 2024, (ECF No. 61), and HMAC filed its Reply on June 13, 2024, (ECF No. 65).

The Blumbergs also filed a Motion for Partial Summary Judgment on April 30, 2024. (ECF No. 55). On July 19, 2024, the Blumbergs moved for a ruling on their Motion, (ECF No. 66), which the Court denied on July 23, 2024, (ECF No. 67). The Blumbergs renewed their Motion for a ruling on August 23, 2024. (ECF No. 69). On September 24, 2024, Roney filed her Opposition to the Blumbergs' Motion for Partial Summary Judgment and included supplemental attachments. (ECF Nos. 73–74). The Blumbergs filed a Reply

on October 7, 2024. (ECF No. 75). Roney filed a Surreply on November 13, 2024. (ECF No. 76).

On January 23, 2025, the Court issued a Memorandum Opinion denying HMAC's Motion for Summary Judgement, (ECF No. 54); granting in part and denying in part the Blumbergs' Motion for Summary Judgment, (ECF No. 55); and denying as moot the Blumbergs' Renewed Motion for ruling, (ECF No. 69). Blumberg v. Roney, No. GLR-22-2531, 2025 WL 299210, at *1, 8 (D.Md. Jan. 23, 2025). Specifically, the Court granted summary judgment in favor of the Blumbergs as to their breach of contract claim against Roney and to the extent they sought dismissal of Roney's counterclaim. Id. at 5, 7. The Court denied summary judgment as to the Blumbergs' damages claim. Id. at 6–7.

On February 6, 2025, the Blumbergs filed the instant Motion for Reconsideration. (ECF No. 85). Roney opposed the Blumbergs' Motion on February 12, 2025. (ECF No. 89). On February 27, 2025, the Blumbergs' filed a Reply in support of their Motion. (ECF Nos. 96–98). That same day, Roney filed a Response and Supplemental Response to the Blumbergs' Reply, which the Court construes as a Surreply. (ECF Nos. 99, 102). The Blumbergs filed a Response to the Surreply on March 3, 2025. (ECF No. 101).[6]

On February 7, 2025, Roney filed the instant Motion to Reconsider Memorandum Opinion. (ECF No. 86). She filed a Supplement and Declaration in support of her Motion

---

[6] The Court reminds the parties that all filings must comply with this Court's Local Rules and the Federal Rules of Civil Procedure. The Court was lenient in its January 23, 2025 Memorandum Opinion as a result of Roney's pro se status and permitted a surreply without the requisite leave of court as required under the Local Rules. However, the Court will no longer provide such lenience. As a result, the Court will strike from the record ECF Nos. 99, 101, and 102 as non-compliant.

on February 13 and 14, 2025. (ECF Nos. 92 & 93). The Blumbergs filed an opposition on February 21, 2025, (ECF No. 94), and Roney filed a Reply on February 25, 2025, (ECF No. 95).

On March 2, 2025, Roney filed the instant Motion for Court Consideration of Plaintiffs' Reliance on Speculation, Financial Discrepancies, Material Misrepresentations, and Timeliness Issues ("Mar. 2, 2025 Mot."), (ECF No. 100), which the Court will strike from the record as noncompliant.[7]

On April 3, 2025, Roney filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 106). Roney filed a Declaration in support of her Motion on April 7, 2025. (ECF No. 108). On April 21, 2025, the Blumbergs filed an Opposition, (ECF No. 109), and Roney filed a Reply on April 23, 2025, (ECF No. 114). Roney also filed the instant Motion for Limited Jurisdictional Discovery on April 23, 2025. (ECF No. 117).

The Blumbergs filed the instant Request for Hearing upon Oral Argument on April 21, 2025. (ECF No. 110). Roney filed an Opposition on April 22, 2025. (ECF No. 115).

HMAC filed a Consent Motion to Dismiss on April 21, 2025 (ECF No. 112), which the Court granted on April 22, 2025 (ECF No. 113).[8]

---

[7] See supra note 3. The Blumbergs filed an Opposition to Roney's March 2, 2025 Motion on March 16, 2025, (ECF No. 103), and Roney filed a Reply on March 17, 2025, (ECF No. 104). On March 31, 2025, the Blumbergs filed a Surreply, (ECF No. 105), and Roney filed a Response to the Surreply on April 2, 2025, (ECF No. 107). All responsive pleadings to Roney's March 2, 2025 Motion, (ECF Nos. 103, 104, 105, and 107), will also be stricken from the record.

[8] In the Consent Motion, the Blumbergs and HMAC agreed to settle the case and dismiss the Blumbergs' claims against HMAC. (HMAC Mot. Dismiss at 1, ECF No. 112).

## II.     DISCUSSION

A.     <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

### 1.     Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to challenge federal jurisdiction over the subject matter of the complaint. The question of subject-matter jurisdiction may be raised by the parties or the court, sua sponte, at any stage of the litigation. <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 506 (2006); <u>see</u> <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192, 196 (4th Cir. 2008). When subject-matter jurisdiction is challenged, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of jurisdiction. <u>United States ex. rel. Vuyyuru v. Jadhav</u>, 555 F.3d 337, 347 (4th Cir. 2009); <u>see</u> <u>Evans v. B.F. Perkins Co</u>., 166 F.3d 642, 647 (4th Cir. 1999).

Such a challenge may proceed by either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject-matter jurisdiction, or a factual challenge, asserting that the jurisdictional allegations of the complaint are not true. <u>Kerns v. United States</u>, 585 F.3d 187, 192 (4th Cir. 2009); <u>Buchanan v. Consol. Stores Corp.</u>, 125 F.Supp.2d 730, 736 (D.Md. 2001).

The Court considers Roney's Motion to be a factual challenge because she argues that the Blumbergs' damages are artificially inflated to meet the federal jurisdiction threshold. (Def.'s Mot. Dismiss ["Mot. Dismiss"] at 2, ECF No. 106). In such a challenge, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." <u>Velasco v. Gov't of Indon.</u>, 370 F.3d 392, 398 (4th Cir. 2004); <u>see also</u> <u>United</u>

States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347–48 (4th Cir. 2009). A district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomac R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991); see also Evans, 166 F.3d at 647.

### 2. Analysis

In their Complaint, the Blumbergs allege damages "in an amount greater than $75,000.00," "plus the reasonable Attorneys' Fees and Costs of this action." (Compl. at 12). Roney moves for dismissal under Federal Rule of Civil Procedure 12(b)(1) on the ground that the Blumbergs fail to meet the monetary threshold as required for diversity jurisdiction. (Mot. Dismiss at 3). The Court is unpersuaded by this argument.

Under 28 U.S.C. § 1332(a), a district court "'has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.'" Elbert v. Frontier Town Campground, Inc., No. WMN-07-1905, 2008 WL 11363669, at *2 (D.Md. June 12, 2008) (quoting Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)). The sum claimed by the plaintiff controls the amount in controversy determination under Section 1332(a), unless it "'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Unitrin Auto & Home Ins. Co. v. Bastida, No. FDW-9-217, 2009 WL 3591190, at *1 (W.D.N.C. Oct. 26, 2009) (alteration in original) (emphasis added) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)); see also JTH Tax, Inc. v. Frashier, 624 F.3d 635, 639 (4th Cir. 2010).

Defendants who challenge the amount in controversy shoulder a heavy burden. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010). They must show "the legal impossibility of recovery" and virtually negate plaintiff's good faith in asserting their claim. Wiggins v. N. Am. Equitable Life Assurance Co., 644 F.2d 1014, 1017 (4th Cir. 1981). "A mere dispute over the mathematical accuracy of a plaintiff's damages calculation does not constitute such a showing." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010). See McDonald v. Patton, 240 F.2d 424, 425 (4th Cir. 1957) (noting that plaintiffs may secure federal jurisdiction even when "it is apparent on the face of the claim" that the defendant has a valid challenge).

Here, it does not appear to a legal certainty that the Blumbergs' claim falls below the statutory threshold. The Blumbergs maintain that they are entitled to expectation damages in the amount of $75,681.14 and $24,220.00 in attorney's fees. (Blumberg Mem. Supp. Mot. Summ. J. ["Blumberg Mot. Summ. J."]. at 17, 19–21, ECF No. 55-1). Specifically, the Blumbergs produced evidence to show that their figures for expectation damages were based on the difference between the net proceeds from their contract with Roney and their eventual contract of sale. (Blumberg Mot. Summ. J. at 17, 19–20; see also Pl.'s Opp'n Mot. Dismiss at 1–2, ECF No. 109). While Roney disputes the Blumbergs' calculation for expectation damages by arguing that their claim is artificially inflated, arbitrary, and unsupported, she fails to show with legal certainty that the Blumbergs' claim falls below the jurisdictional threshold. (See generally Mot. Dismiss; Roney Decl., ECF No. 108). To be sure, the Court found in its January 23, 2025 Memorandum Opinion that a genuine dispute of material fact exists as to the Blumbergs' expectation damages.

Blumberg v. Roney, No. GLR-22-2531, 2025 WL 299210, at *6 (D.Md. Jan. 23, 2025). But, as stated earlier, "a mere dispute over the mathematical accuracy" of damages is not enough for the Court to dismiss under Rule 12(b)(1). JTH Tax, Inc., 624 F.3d at 638.

Because the sales contract at issue in this case provides for the recovery of attorney's fees, the Court considers the Blumbergs' potential attorney's fees in addition to expectation damages in its amount in controversy calculation. (Residential Contract of Sale at 7, ECF No. 56); see Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013) ("Generally, attorney's fees are not included in the amount-in-controversy calculation, but courts have created two exceptions to this rule: '(1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees.'") (quoting 15–102 Moore's Federal Practice, Civil § 102.106(6)(a)). Based on the record before the Court, a fact finder could determine that the Blumbergs' losses of $75,681.14 in expectation damages plus $24,220.00 in attorneys' fees well exceed the $75,000 threshold as required under Section 1332(a). Accordingly, the Court will retain diversity jurisdiction over this matter and deny Roney's Motion.[9]

### B. Motions for Reconsideration

#### 1. Standard of Review

Motions for Reconsideration are governed under Federal Rule of Civil Procedure Rule 59(e) or 60, based on the timing of the filing. When the motion is filed within twenty-eight days after entry of judgment, it must be considered under Rule 59(e). See

---

[9] In light of this Court's ruling on subject matter jurisdiction, Roney's Motion for Limited Jurisdictional Discovery (ECF No. 117) will be denied as moot.

Fed.R.Civ.P. 59(e). A motion filed after more than twenty-eight days is considered under Rule 60. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010). The Motions for Reconsideration in this case were filed within twenty-eight days after entry of judgment, so the Court will apply Rule 59(e).

Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). A federal district judge's power to grant a Rule 59(e) motion is discretionary. Robinson, 599 F.3d at 411. In general, granting a motion for reconsideration "is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT-08-501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

"Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial [or summary judgment]; or (3) to correct a clear error of law or prevent manifest injustice." U.S. ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210–11 (4th Cir. 2017) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). With respect to the third factor, there must be more than simply a "mere disagreement" with a decision to support a

Rule 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). "A 'factually supported and legally justified' decision does not constitute clear error." Jarvis v. Berryhill, No. TMD-15-2226, 2017 WL 467736, at *1 (D.Md. Feb. 3, 2017) (quoting Hutchinson, 994 F.2d at 1081–82). As to the "manifest injustice" standard, courts focus on whether there was fairness in the administrative process or a denial of due process. Id. (citing Kasey v. Sullivan, 3 F.3d 75, 79 (4th Cir. 1993)).

   2.   Analysis

      a.   **Blumbergs' Motion for Reconsideration**

The Blumbergs request that this Court reconsider denying summary judgment as to their claim for damages. (Blumberg Mot. Recons. ¶¶ 1–3, ECF No. 85). Their Motion for Reconsideration is governed by Federal Rule of Civil Procedure 59(e) because the Blumbergs filed it within twenty-eight days of the Court's January 23, 2025 Memorandum Opinion and Order. See Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). For the reasons discussed below, the Court will deny the Motion.

Prior to delving into the merits of the Motion for Reconsideration, the Court finds it helpful to briefly revisit its conclusion as to the Blumbergs' damages claim: The Court denied summary judgment as to damages because it found that a dispute of material fact existed as to whether the eventual sale was an arm's length transaction.[10] Blumberg, 2025

---

[10] In assessing their damages, the Blumbergs rely on the resale price of the property, as opposed to the fair market value. Blumberg v. Roney, No. GLR-22-2531, 2025 WL 299210, at *6–7 (D.Md. Jan. 23, 2025). But if the resale was not an arm's length transaction, the Court must consider the fair market value of the property when determining

13

WL 299210, at *6–7. In her Opposition, Roney argued that the Blumbergs' realtor, Mr. Nabozny, purchased the Blumbergs' property in a non-arm's length transaction, as part of his "If I don't sell it, I will buy it" guarantee. (Roney Opp'n Mot. Summ. J. ["Roney Opp'n Mot. Summ. J."] at 4, ECF No. 73). To support her argument, Roney directed the Court to Mr. Nabozny's own affidavit, in which he conceded that he assisted the ultimate purchasers of 8 Jenny Lane in forming an LLC to purchase the Blumbergs' property. (Id.). Viewing this evidence in the light most favorable to the nonmovant, Roney, the Court determined a reasonable jury could find that the sale of 8 Jenny Lane was a non-arm's length transaction because the realtor held integral positions on both sides of the real estate transaction. Blumberg, 2025 WL 299210, at *7.

      Here, the Blumbergs ask the Court to reconsider its decision in light of new evidence rebutting Roney's allegations of a non-arm's length sale. (See Blumberg Mot. Recons. ¶ 3). Specifically, the Blumbergs offer another affidavit from their realtor in which he clarifies his role in the sale of 8 Jenny Lane. (See Supp. Nabozny Aff. ¶¶ 4–6, ECF No. 85-1). But the time to clarify Mr. Nabozny's role has long passed. It is well-established that "[a] party seeking reconsideration pursuant to Rule 59(e) is not permitted to present arguments, theories, or evidence that could have been presented prior to the issuance of the judgment." Moise v. AlliedBarton Sec. Servs., LLC, No. 12- 02022, 2015 WL 5037010, at *1 (D.S.C. Aug. 26, 2015); see Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) ("Rule 59(e) motions may not be used, however, to raise arguments which could

---

damages. See Burson v. Simard, 35 A.3d 1154, 1159 (Md. 2012) (quoting Kasten Constr. Co., Inc. v. Jolles, 278 A.2d 48, 51 (Md. 1971)).

14

have been raised prior to the issuance of the judgment."). At the summary judgment phase, the Blumbergs were well aware of Roney's allegations of improper realtor involvement, and could have offered the instant affidavit with their Reply. (See Roney Opp'n Mot. Summ. J. at 4). But they failed to do so. (See generally Pl.'s Reply Supp. Mot. Summ. J., ECF No. 75). Because the Court finds that the affidavit could have been introduced earlier, it does not constitute new evidence under Rule 59(e). Even if the instant affidavit were to be construed as new evidence, a single self-serving affidavit is not enough to justify the extraordinary remedy of reconsideration under Rule 59(e). Cf. Bentahar v. Towson Univ., No. GLR-23-1551, 2025 WL 460749, at *6 (D.Md. Feb. 11, 2025) ("Courts generally consider self-serving opinions without objective corroboration not significantly probative.") (internal quotation marks omitted). Accordingly, the Blumbergs' Motion for Reconsideration will be denied.

### b.     Roney's Motion for Reconsideration

Roney's Motion for Reconsideration, (ECF No. 86), is also governed by Federal Rule of Civil Procedure 59(e) as it was filed within twenty-eight days of the Court's January 23, 2025 Memorandum Opinion and Order. (See generally, Roney Mot. Recons., ECF No. 86); see Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). For the reasons discussed below, the Court will deny the Motion.

Under Rule 59(e), Roney asks this Court to reconsider its decision by arguing that the January 23, 2025 Memorandum Opinion amounts to manifest injustice. (Roney Mot. Recons. at 12). When evaluating a Motion for Reconsideration under the manifest injustice

standard, courts generally determine whether there was fairness in the administrative process or a denial of due process. Jarvis, 2017 WL 467736, at *1 (citing Kasey v. Sullivan, 3 F.3d 75, 79 (4th Cir. 1993)). This Court has emphasized that "[c]lear error or manifest injustice occurs where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." Wagner v. Warden, No. ELH-14-791, 2016 WL 1169937, at *3 (D.Md. Mar. 24, 2016) (internal quotation marks omitted).

"When a party argues that Rule 59(e) relief is necessary to correct a clear error of law or to prevent manifest injustice, mere disagreement with the Court's previous decision will not suffice." June v. Thomasson, No. GLR-14-2450, 2016 WL 7374432, at *3 (D.Md. Dec. 20, 2016). Instead, to justify altering or amending a judgment on this basis, "the prior judgment cannot be 'just maybe or probably wrong; it must . . . strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" Id. (quoting Fontell v. Hassett, 891 F.Supp.2d 739, 741 (D.Md. 2012)); see also Bellsouth Telesensor v. Info. Sys. & Networks Corp., 65 F.3d 166 (4th Cir. 1995). In other words, the Court's previous judgment must be "dead wrong." See TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d at 403 (internal citations and quotation marks omitted); see also Jarvis, 2017 WL 467736, at *2.

Here, Roney contends that the Court's decision to grant summary judgment in favor of the Blumbergs with respect to their breach of contract claim and Roney's counterclaim for the return of her Earnest Money Deposit ("deposit") amounts to manifest injustice

because it was premised on three material factual inaccuracies regarding: (1) Roney's compliance with the financing contingency timeline; (2) the reasons for the expiration of the purchase agreement; and (3) the status of Roney's mortgage approval. (Roney Mot. Recons. at 12). The Court finds that none of these issues reflect a clear error of law or manifest injustice.

### a. Financing Contingency

Roney fails to show a material factual inaccuracy with respect to the financing contingency, let alone manifest injustice. Roney disagrees with the Court's finding that she failed to timely invoke the financing contingency and thus was not entitled to the return of her deposit. (Roney Mot. Recons. at 10). In her view, once the purchase contract expired and the Blumbergs refused to provide an extension, she had no further obligation to the property and, therefore, was entitled to invoke the financing contingency to facilitate the return of her deposit. (Id. at 10–11). This argument is unavailing.

As the Court previously explained, the financing contingency only authorizes the return of a deposit when invoked within a specified timeframe. See Blumberg, 2025 WL 299210, at *7. Under the terms of the ratified sales contract, "Roney had fifteen days from the date of contract acceptance to obtain a written financing commitment." (Id.). If she was unable to obtain a mortgage commitment within this timeframe, the contingency authorized her to declare the contract null and void and of no further legal effect, upon written notice to the Blumbergs. (Id.). Here, Roney argues that the contract was accepted on April 25, 2022, while the Blumbergs argue that the contract was accepted on April 12, 2022. (Id.). Using Roney's contract date of April 25, 2022, she had until May 10, 2022 to invoke the

17

financing contingency and withdraw from the purchase agreement without penalty. Because the record reflects that Roney did not attempt to invoke the financing contingency until June 16, 2022,[11] well after the fifteen-day deadline, (see Demand Letter, ECF No. 56-5), the Court properly found that the Blumbergs were entitled to summary judgment on Roney's counterclaim for the return of her deposit. As indicated earlier, mere disagreement with the Court's previous decision is insufficient grounds for the Court to alter its prior judgment. June, 2016 WL 7374432, at *3.

### b.  Expiration of Agreement & Mortgage Approval

Next, Roney argues that a material factual inaccuracy exists as to the reason for the expiration of the contract. (Roney Mot. Recons. at 13). According to Roney, the Blumbergs' refusal to extend the contract, and not her own conduct, was the direct cause of the transaction failure (Id.). Specifically, Roney contends that because her loan was preliminarily approved, if the Blumbergs had granted her the extension she requested, she would have finalized her loan and closed the transaction. (Id.).

---

[11] On June 16, 2022, Roney submitted a letter to the Blumbergs from her attorney, Michael T. Wyatt, which states that "Despite diligently pursuing financing with Home Mortgage Alliance Corportation [HMAC], Ms. Roney was unable to obtain financing to purchase the Property . . . please treat this as confirmation of Ms. Roney's prior notice of termination and . . . immediately authorize the return of the $20,000.00 [deposit] to my client." (Demand Letter, ECF No. 56-5).

Roney also claims that she requested a Denial Letter from HMAC on June 6, 2022, "to formally close out the transaction and request the return of the $20,000 deposit." (Roney Decl. Supp. Mot. Recons. at 2, ECF No. 92). It is unclear to the Court whether Roney now asserts June 6th as the date she attempted to invoke the financing continency. Regardless, this date also exceeds the fifteen-day deadline; thus, the Court finds her attempt untimely.

While the Court certainly empathizes with Roney's position, she nonetheless had an obligation to abide by the terms of the executed sales contract, which provided that: "Time is of the essence"[12] and that the "<u>failure of</u> . . . <u>Buyer to perform any act</u> as provided in this Contract <u>by a prescribed date</u> or within a prescribed time period <u>shall be a default</u> under this Contract." (Sales Contract at 1, ECF No. 56). "Buyer and Seller are required and agree to make <u>full settlement</u> in accordance with the terms of this Contract and acknowledge that failure to do so constitutes a breach thereof." (<u>Id.</u> ¶ 34).

In this case, Roney was initially under contract to purchase 8 Jenny Lane on or before May 17, 2022. (Extension of Closing Deadline at 1, ECF No. 56-2). On May 17, 2022, Roney requested an extension through May 19, 2022, which the Blumbergs granted on May 18, 2022. (<u>Id.</u>). But on May 19, 2022, instead of closing, Roney "requested an additional ten-day extension, which the Blumbergs refused." <u>Blumberg</u>, 2025 WL 299210, at *5. The Court recognizes that extension requests are often granted, but, as Roney noted in her Opposition, they are not guaranteed. (<u>See</u> Roney Opp'n Mot. Summ. J. at 5). That Roney's loan was conditionally approved at the time of her extension request does not change the Court's analysis. Put simply, Roney failed to close the contract within the designated timeframe, and as a result, she was in default. <u>See</u> <u>Chaplick v. Mao</u>, 215 F.Supp.3d 470, 485 (D.Md. 2016) (finding that failure to close loan by settlement date constitutes breach of contract). Given the fully developed record, together with Roney's

---

[12] Because the Contract states "Time is of the essence," the Court explained that this term of art requires "strict adherence to the time designated for performance." <u>Blumberg</u>, 2025 WL 299210, at *5.

inability to present a genuine dispute of material fact, the Blumbergs were entitled to summary judgment as to their breach of contract claim. In sum, because Roney fails to bring forth any issues that rise to the level of "clear error of law" or reflect a "manifest injustice," her Motion for Reconsideration (ECF No. 86) will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court denies Roney's Motion to Dismiss for lack of Subject Matter Jurisdiction (ECF No. 106), the Blumbergs' Motion for Reconsideration (ECF No. 85), and Roney's Motion for Reconsideration (ECF No. 86). The Court strikes from the record Roney's March 2, 2025 Motion (ECF No. 100) and denies as moot the Blumbergs' Request for Hearing upon Oral Argument (ECF No. 110) and Roney's Motion for Limited Discovery (ECF No. 117). A separate Order follows.

Entered this 3rd day of June, 2025.

/s/
George L. Russell, III
Chief United States District Judge